IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

EDWIN WALKER,

    Plaintiff,

vs.

PATRICK J. TOOLE, JR., et. al.,

    Defendants

JAN 17 2006

PER _____
DEPUTY CLERK

**CIVIL ACTION NO. 3:05-2108**

(JUDGE NEALON)

(MAGISTRATE JUDGE BLEWITT)

## MEMORANDUM and ORDER

On October 17, 2005, Plaintiff, an inmate currently incarcerated at the Pennsylvania State Correctional Institution at Dallas ("SCI-Dallas"), Dallas, Pennsylvania, filed a pro se Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff alleged that Defendants, Judge Patrick J. Toole, Jr. ("Judge Toole"), Attorney Paul Galante ("Galante") and Attorney Samuel A. Falcone, Jr. ("Falcone"), conspired to violate his constitutional and civil rights.

On November 9, 2005, United States Magistrate Judge Thomas M. Blewitt issued a Report in which he recommended that the complaint be dismissed pursuant

to 28 U.S.C. § 1915 (e)(2)(B)(ii) and (iii). (Doc. 10). Plaintiff filed objections to the Report and Recommendation on December 16, 2005. (Doc. 13). The matter is now ripe for resolution. For the reasons stated below, the court will adopt the Report and Recommendation.

**Background**

Plaintiff alleges that previously pending criminal charges against him in Philadelphia County were dismissed on March 13, 1998. Upon the dismissal of these charges, Plaintiff contends that he was "kidnapped" and brought to Luzerne County to face further criminal charges. (Doc. 1, p. 3). Plaintiff claims that prior to his "kidnapping" he had never been in Luzerne County and therefore could not have possibly committed a crime within Luzerne County. Further, Plaintiff asserts that Judge Toole was aware that Plaintiff had not committed a crime within Luzerne County but nonetheless entertained the criminal charges in violation of the Constitution. In furtherance of what Plaintiff has averred was a conspiracy to deny him of his constitutional rights, Judge Toole purportedly appointed Galante and Falcone to provide legal representation for the Plaintiff. (Doc. 1).

Galante and Falcone allegedly acted negligently by refusing to file "necessary papers" while Judge Toole caused an unnecessary delay in Plaintiff's case

2

by postponing a hearing for six (6) months while a co-defendant's appeal was pending. (Doc. 1, p.7). It is these actions that Plaintiff identifies as forming a "pattern of abuse" and evidence of the conspiracy against him by the three defendants. Additionally, Plaintiff claims that Galante and Falcone continued to "refuse to file issues that would prove plaintiff innocence [sic], thereby joining in mind with defendant Toole so that plaintiff would continue to suffer in violation of plaintiff's constitutional rights." (Doc. 1, p.4).

Plaintiff finally alleges that Judge Toole committed constitutional error by failing to remove himself from Plaintiff's case since Judge Toole had "a financial interest in the subject matter such as the plaintiff." (Doc. 1, p. 5).

In his Report and Recommendation dated November 9, 2005 (Doc. 10), Magistrate Judge Blewittt recommended dismissal of the Plaintiff's complaint for failure to state a claim. Specifically, the claims against Judge Toole can not succeed since: (1) Judge Toole is entitled to absolute immunity; (2) a malicious prosecution claim cannot prevail when the underlying criminal charge was not determined in the criminal defendant's favor; and (3) a conspiracy claim is insufficient when Plaintiff has failed to allege any meeting of the minds in furtherance of the constitutional deprivation alleged. Additionally, the Report and Recommendation suggests that the claims against Falcone and Galante should be dismissed because: (1) defense counsel

does not bear a constitutional burden to prove his client's actual innocence; (2) both attorneys served as private counsel who do not qualify as state actors for 1983 purposes; and (3) plaintiff's conclusory allegations of conspiracy are insufficient to state a claim.

Finally, the magistrate judge recommended that plaintiff be denied leave to amend since any possible claims which he attempted to allege by way of his §1983 claim are more suitable for collateral review in the form of a habeas petition.

**Discussion**

When objections to a report and recommendation have been filed, under 28 U.S.C. 636(b)(1)( c)), the court must make a *de novo* consideration of those portions of the report which have been objected to. *See* Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In so doing, the court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. §636(b)(1); Local Rule 72.31. Further, the court may, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

In his "Answer in Opposition to Magistrate Judge Blewitt Report and

Recommendation" plaintiff has objected to the following: (1) Judge Toole is not entitled to absolute immunity since his actions amounted to an abuse of authority and a knowing violation of the law; (2) Galante and Falcone are state actors; (3) Galante's and Falcone's refusal to address issues of plaintiff's actual innocence resulted in a breach of their respective duties to their client; (4) Galante and Falcone are not subject to qualified immunity because their actions were under color of state law; (5) defendants knowingly entered into a conspiracy between and among each other in violation of plaintiff's constitutional rights; and (6) Judge Toole acted unconstitutionally by directing verdict for the state.

### *(1) Claims against Judge Toole*

Judges are absolutely immune from liability for performing judicial acts. McArdle v. Tronetti, 961 F.2d 1083, 1084-85 (3d Cir. 1992) *citing* Pierson v. Ray, 386 U.S. 547 (1967). There are only two exceptions to the absolute judicial immunity rule and they occur when: (1) a judge takes actions outside his judicial capacity; or (2) a judge takes judicial actions in the complete absence of jurisdiction. Mireles v. Waco, 502 U.S. 9, 12, 112 S.Ct. 286, 288 (1991). Walker alleges that Judge Toole acted negligently by allowing a vindictive prosecution, malicious prosecution and selective prosecution against Walker. (Doc. 1, p. 3). Further, he alleges that Judge Toole engaged in a conspiracy to deprive Walker of his constitutional rights by

appointing two co-conspirators as attorneys to represent Walker. Finally, he alleges that Judge Toole acted with bias in presiding over Walker's case and in ultimately rendering a directed verdict.

Every allegation that Walker makes against Judge Toole stems from actions which Judge Toole took while presiding in his judicial capacity over judicial affairs. Walker has not alleged, nor is there anything to indicate, that Judge Toole took these actions absent proper jurisdiction. To the contrary, the criminal charges against Walker appear to have brought his case squarely within Judge Toole's jurisdiction. Since no exception to absolute immunity applies, Judge Toole is immune to the allegations levied against him.

Even were an exception to immunity apply, the claims against Judge Toole must still be dismissed since Walker has not set forth allegations which support his claims. Initially, Walker's malicious prosecution claim against Judge Toole is fatally flawed. A party advancing a malicious prosecution claim must establish the common law elements of the tort along with a deprivation of liberty consistent with the concept of seizure. Donahue v. Gavin, 280 F.3d 371, 379 (3d Cir. 2002). In Pennsylvania, a party bringing a malicious prosecution claim must demonstrate: (1) defendant initiated a criminal proceeding; (2) the proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; and (4) defendants

acted maliciously or for a purpose other than bringing the plaintiff to justice. <u>Merkle v. Upper Dublin School District</u>, 211 F.3d 782, 791 (3d Cir. 2000).

Aside from a conclusory statement that Judge Toole "knew from the very start that plaintiff had not committed any crime within the county," (Doc. 1, p.2), Walker makes no allegation that Judge Toole in some manner initiated the criminal proceeding against him. Neither does Walker allege that Judge Toole was personally responsible or liable for the decision to prosecute plaintiff. In the absence of these facts, Walker fails to meet the very first requirement for a malicious prosecution claim. Additionally, it is without controversy that Walker was convicted of the charges against him and was ultimately incarcerated. It is therefore clear that his malicious prosecution claim must also fail on the second prong of the analysis since the proceeding did not end in Walker's favor.

Likewise, Walker's conspiracy claim against Judge Toole is insufficient to proceed. In his Complaint Walker alleges a conspiracy claim under 42 U.S.C. § 1985 (3) but seems to rely on case law supporting a § 1983 conspiracy claim in his objections to the Report and Recommendation. Applying either a § 1985 or a § 1983 analysis the conspiracy claim still fails. To sustain a conspiracy claim under 42 U.S.C. § 1983, the plaintiff must establish: "(1) Defendants deprived him of a right secured by the constitutional laws of the United States and; (2) conspired to do so

while acting under color of state law." <u>Dennison v. Pennsylvania Department of Corrections</u>, 268 F. Supp.2d 387, 401 (M.D.Pa. 2003) *citing* <u>Adickens v. S.H. Kress & Co.</u>, 398 U.S. 144, 150 90 S.Ct. 1598 (1970). Section 1985 prohibits public and private conspiracies which deprive persons of constitutionally protected rights. <u>Boykin v. Bloomsburg University</u>, 893 F. Supp. 409, 417 (M.D.Pa. 1995). Walker has only set forth a conclusory allegation asserting that a conspiracy existed. Further, his assertions that Judge Toole was biased and unnecessarily delayed his hearing, do not amount to violations of Walker's constitutional rights. Since he has failed to sufficiently present a constitutional claim, he could not possibly succeed on a claim of conspiracy to deny him of his constitutional rights even had he set forth an adequate allegation of conspiracy.

### (2) *Claims Against Galante and Falcone*

Just as Walker's conspiracy claim against Judge Toole is insufficient so to are his conspiracy claims against Galante and Falcone as Judge Toole's co-conspirators. Walker can only succeed on a conspiracy claim under §1983 if the alleged action was taken by a state actor. Neither Galante nor Falcone are state actors but rather are private court appointed counsel. "It is well-established that defense attorneys, no matter whether they are privately retained, court-appointed, or employed as public defenders, do not act under color of state law. <u>Harmon v. Delaware</u>

Secretary of State, 2005 WL 2982216, *1 (3d Cir. 2005), slip. op. (non-precedential) *citing* Polk County v. Dodson, 454 U.S. 312, 318, 102 S.Ct. 445 (1991). If walker instead proceeds under § 1985, his claim still fails. Although Section 1985 allows an action for private conspiracies it does not extend such an action to cover interferences "with rights that may only be abridged by state action."[1] Garret v. Nesbitt, 1998 WL 531841, *6 (E.D. Pa. 1998). Further, Section 1985 (3) requires a showing of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct 1790 (1971). Aside from the mere statement that Galante and Falcone are white males while plaintiff is a black male, Walker has not set forth any allegation of discriminatory purpose.

**Conclusion**

The court finds the Report and Recommendation well-reasoned and legally sound. After careful review and in the exercise of sound judicial discretion, the court will adopt the Magistrate Judge's Report and Recommendation. An appropriate order follows.

                                    s/ William J. Nealon
                                    United States District Judge

---

[1] Claims brought pursuant to 42 U.S.C. §1983 require state action.

FILED
SCRANTON

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAN 17 2006

PER _____ DEPUTY CLERK

EDWIN WALKER, :
    Plaintiff, :
: **CIVIL ACTION NO. 3:05-2108**
vs. :
: (JUDGE NEALON)
PATRICK J. TOOLE, JR., et. al., : (MAGISTRATE JUDGE BLEWITT)
    Defendants :

## ORDER

ACCORDINGLY, THIS 17th DAY OF JANUARY 2006, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation (Doc. 22) is ADOPTED;

2. Plaintiff's Complaint (Doc. 1) filed pursuant to 42 U.S.C. § 1983 is DISMISSED;

3. Plaintiff's Motion for Appointment of Counsel (Doc. 5) is DENIED;

4. The Clerk of court is directed to CLOSE this case; and

5. Any appeal taken from the order will be deemed frivolous, without probable cause, and not taken in good faith.

                                s/ William J. Nealon
                                United States District Judge